IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-920-M-BN |
| | § | |
| DALLAS COUNTY SHERIFF, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rubin Crain, IV has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition should be construed as an application for habeas corpus relief under 28 U.S.C. § 2254 and dismissed without prejudice for failure to exhaust state remedies.

**Background**

On August 4, 2012, Petitioner was convicted burglary of a building. Following his conviction, he pleaded true to two felony enhancements. The jury found the enhancement allegations true and assessed a ten-year sentence of imprisonment. Petitioner's conviction was affirmed on direct appeal, and his judgment was modified to reflect the jury's findings of "true." *See Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas, Jan. 31, 2014, pet. ref'd). Petitioner has recently filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07 that is currently pending before the state trial court.

-1-

Petitioner seeks post-conviction relief on the grounds that he received ineffective assistance of counsel at trial and on appeal and that the sentencing enhancements violate the constitutional prohibition against double jeopardy. *See* Dkt. No. 3.

On March 26, 2014, the Court sent Petitioner written interrogatories to determine whether he exhausted his state remedies. *See* Dkt. No. 4. Petitioner answered the interrogatories on April 7, 2014 and has filed documents on July 16, 2014, August 19, 2014, and August 27, 2014. *See* Dkt. Nos. 5, 6, 7, 8, & 9.

## Legal Standards

A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Once an individual has been convicted and is confined on authority of the criminal judgment, he may challenge the lawfulness of his conviction and sentence pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *see also, e.g.*, *Williams v. O'Brien*, No. 4:06-cv-834-Y, 2006 WL 3871924, at *1 (N.D. Tex. Dec. 4, 2006), *rec. adopted,* 2007 WL 60487 (N.D. Tex. Jan. 5, 2007); *Branch v. Dretke*, No. 3:03-cv-2607-H, 2004 WL 1877798, at *1 (N.D. Tex. Aug. 20, 2004), *rec. adopted,* 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004).

Whether or not a petitioner seeks relief under Section 2241 or Section 2254, he is required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Dickerson,* 816 F.2d at 225. This entails submitting the factual and legal basis of any claim to the highest available state court

for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110-11 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See id.*; *see also Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990).

## Analysis

Petitioner's challenge to his 2012 conviction and sentence for burglary of a building should be dismissed without prejudice for failure to exhaust state remedies. When Petitioner filed this petition, his petition for discretionary review had not been reviewed by the Texas Court of Criminal Appeals, and he had not filed an application for habeas corpus relief under article 11.07. *See* Dkt. No. 5 at 3-4. His petition for discretionary review has now been refused, *see Crain v. State*, PD-0321-14 (Tex. Crim. App. July 23, 2014), but his 11.07 application is still pending before the state trial court, *see* Dkt. No. 9; *see also Ex parte Crain*, No. W-1254318-A (filed Aug. 19, 2014). Unless and until Petitioner fully exhausts his state remedies, he may not seek federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Thomas,* 919 F.2d at 334; *Dickerson,* 816 F.2d at 225.

## Recommendation

Petitioner's 28 U.S.C. § 2241 application should be construed as an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The case should be dismissed without prejudice for failure to exhaust state remedies.

for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110-11 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See id.*; *see also Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990).

## Analysis

Petitioner's challenge to his 2012 conviction and sentence for burglary of a building should be dismissed without prejudice for failure to exhaust state remedies. When Petitioner filed this petition, his petition for discretionary review had not been reviewed by the Texas Court of Criminal Appeals, and he had not filed an application for habeas corpus relief under article 11.07. *See* Dkt. No. 5 at 3-4. His petition for discretionary review has now been refused, *see Crain v. State*, PD-0321-14 (Tex. Crim. App. July 23, 2014), but his 11.07 application is still pending before the state trial court, *see* Dkt. No. 9; *see also Ex parte Crain*, No. W-1254318-A (filed Aug. 19, 2014). Unless and until Petitioner fully exhausts his state remedies, he may not seek federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Thomas,* 919 F.2d at 334; *Dickerson,* 816 F.2d at 225.

## Recommendation

Petitioner's 28 U.S.C. § 2241 application should be construed as an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The case should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE